O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE ROBINSON, | No. EDCV 08-01960 SGL (FFM) |
| Petitioner, | ORDER SUMMARILY DISMISSING ACTION |
| v. | |
| STANLEY SNIFF, SHERIFF RIVERSIDE COUNTY, | |
| Respondent. | |

On December 31, 2008, petitioner filed a document herein captioned "Memorandum of Law in Support of Writ of Habeas Corpus, §2241."

Petitioner alleges that he is being held for trial in Riverside County on charges which he does not identify. Petitioner contends that imperfections in an arrest warrant and probable cause hearing have denied him his due process rights and that excessive bail has been imposed. Petitioner contends that these violations entitle him to a dismissal of the pending charges and his release from incarceration.

28 U.S.C. § 2241(c)(3) empowers a district court to issue a writ of habeas corpus before a judgment is entered in a criminal proceeding. As a general proposition, a federal court will not intervene in a pending state criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37, 45-46,

1  91 S. Ct. 746, 27 L. Ed. 2d 669 (1971); *see also Fort Belknap Indian Community*
2  *v. Mazurek*, 43 F.3d 428, 431 (9th Cir. 1994) (abstention appropriate if ongoing
3  state judicial proceedings implicate important state interests and offer adequate
4  opportunity to litigate federal constitutional issues). "[O]nly in the most unusual
5  circumstances is a defendant entitled to have federal interposition by way of
6  injunction or habeas corpus until after the jury comes in, judgment has been
7  appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d
8  764, 764-65 (9th Cir. 1972); *see also Carden v. Montana*, 626 F.2d 82, 83-84 (9th
9  Cir. 1980).

10       *Younger* abstention is appropriate in favor of a state proceeding if three
11  criteria are met: (1) the state proceedings are ongoing; (2) the proceedings
12  implicate important state interests; and (3) the state proceedings provide an
13  adequate opportunity to litigate the plaintiff's federal constitutional claims. *See*
14  *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432,
15  102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); *Kenneally v. Lungren*, 967 F.2d 329,
16  331-32 (9th Cir. 1992). An exception to *Younger* exists if petitioner makes a
17  "showing of bad faith, harassment, or some other extraordinary circumstance that
18  would make abstention inappropriate." *San Jose Silicon Valley Chamber of*
19  *Commerce PAC v. San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (quoting
20  *Middlesex*, 457 U.S. at 435). Here, it appears to the Court that all three criteria for
21  *Younger* abstention are met with respect to the criminal proceeding still pending
22  against petitioner in California. Moreover, petitioner has failed to show the type
23  of special circumstances that warrant federal intervention. Nor has he shown any
24  bad faith or harassment by state officials, or that he will be irreparably injured by
25  waiting until the conclusion of the California criminal proceeding to assert his
26  claims.
27  / / /
28  / / /

The holding in *Carden* confirms that abstention is appropriate here.  In that case, the petitioners had moved in state court for a dismissal of the claims against them, alleging a violation of their constitutional right to a speedy trial.  The trial court granted the motion but the Montana Supreme Court reversed.  The petitioners then filed their petition for writ of habeas corpus in the United States District Court.  The district court granted the petition finding a violation of petitioners' constitutional right to a speedy trial.  In reversing the grant of the writ, the Ninth Circuit ruled that the merits of the speedy trial claim did not determine the appropriateness of federal intervention.  The court noted that "unlike the Double Jeopardy Clause, the Speedy Trial Clause, when raised as an affirmative defense, does not embody a right which is necessarily forfeited by delaying review until after trial. . . . Rather[,] . . . a speedy trial claim is best reviewed after trial when the district court's dismissal is more conclusive and allegations of prejudice are less speculative."  626 F.2d at 84.

Like the speedy trial claim in *Carden*, petitioner's claims here do not embody rights which are "necessarily forfeited by delaying review until after trial."  *Id*.  As the Supreme Court stated in *Younger*, a criminal prosecution, "even though alleged to be unauthorized and hence unlawful is not alone ground for relief . . . ."  401 U.S. at 46.

Here, as in *Carden*, all of petitioner's claims will be subject to review after trial.  Petitioner has failed to demonstrate the extraordinary circumstances necessary to justify interference in the ongoing state proceedings.

///
///
///
///
///
///

1  IT THEREFORE IS ORDERED that this action be summarily dismissed.
2  LET JUDGMENT BE ENTERED ACCORDINGLY.
3
4  DATED: January 27, 2009
5
6  _____
7  STEPHEN G. LARSON
   United States District Judge
8
9
10 Presented by:
11
12   /s/ FREDERICK F. MUMM
13   FREDERICK F. MUMM
   United States Magistrate Judge
14
...
28